# NO. 12-08-00424-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY BURLESON,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

*MEMORANDUM OPINION*

*PER CURIAM*

Jeffrey Burleson appeals his conviction for aggravated assault. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant has filed a pro se brief. We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with aggravated assault. Appellant pleaded guilty, and the trial court placed him on deferred adjudication community supervision. Appellant violated the terms of his community supervision. Following a hearing, the trial court found him guilty, revoked his community supervision, and sentenced him to imprisonment for eleven years. This appeal followed.

## ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for

appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

Appellant argues in his pro se brief that he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction. We have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered January 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)